**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE THE APPLICATION OF SAUREN FONDS-SELECT SICAV, | Civ. No. 2:16-CV-00133 (SDW) (LDW) |
| Petitioner, | **MEMORANDUM OPINION AND ORDER** |
| FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is the motion of Respondents PREI Acquisition I Inc., PREI Acquisition II Inc., and Prudential Financial, Inc. to vacate the Court's Order of February 17, 2016, which granted the application of Petitioner Sauren Fonds-Select SICAV ("Sauren" or "Petitioner") for discovery in aid of a German proceeding pursuant to 28 U.S.C. § 1782. Alternatively, Respondents seek a stay of enforcement of the subpoenas served pursuant to that Order, pending the outcome of further proceedings before the German court. Petitioner opposes Respondents' motion. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth below, the motion is **DENIED.**[1]

## BACKGROUND

Petitioner Sauren, an investment fund, filed a lawsuit in August 2015 in the Regional Court in Munich, Germany against Pramerica Property Investment Germany ("Pramerica Germany"). In the German action, Sauren essentially alleges that Pramerica Germany made misstatements that

---

[1] This motion was decided without oral argument, in accordance with Fed. R. Civ. P. 78(b). Although the parties originally requested oral argument of the motion, they later waived the request.

induced it to maintain an investment in TMW Immobilien Weltfonds, which fund was managed by Pramerica Germany. (ECF No. 1-2 ¶¶ 4, 10, 11). Sauren allegedly sustained significant financial losses on that investment. (*Id.*)

In January 2016, Petitioner filed an *ex parte* application in this Court, pursuant to 28 U.S.C. § 1782, seeking leave to serve subpoenas on Respondents for discovery in aid of the German action. (ECF No. 1). Asserting that Pramerica Germany is ultimately owned by Respondents, which are headquartered in this District, Sauren sought leave to serve subpoenas for documents and depositions upon Respondents for information relating to the investment at issue in the German action. (ECF No. 1-2 ¶¶ 3, 5, 14-17).

This Court issued an Order on February 17, 2016 granting Petitioner's application for leave to serve the subpoenas in aid of the German proceeding. (ECF No. 5). That Order instructed the subpoenaed entities to meet and confer with Sauren's counsel regarding any objections to the subpoenas before filing any motion to quash. (*See id.*).

The parties thereafter engaged in a preliminary meet and confer that failed to resolve Respondents' objections to the subpoenas. (ECF No. 17 ¶¶ 3-4). Subsequently, on April 8, 2016, Respondents filed the instant motion to vacate the February 17, 2016 Order and quash the subpoenas. The motion was fully briefed as of May 13, 2016.

Respondents' motion requested, *inter alia,* that the Court await a hearing in the German action scheduled for mid-June 2016 before ruling on Respondents' motion. Respondents reported that they anticipated that the German court was likely to make rulings at the June hearing that might be dispositive of the German action and thus of the instant motion as well. The Court therefore scheduled a telephonic status conference with the parties for June 17, 2016, a few days

2

after the June hearing in Germany was to take place. At the request of Respondents' counsel, that telephone conference was adjourned to July 14, 2016.

During the July 14, 2016 conference call, the parties' counsel advised the Court that the German court had not made any dispositive rulings at the June 2016 hearing. They further advised the Court that the German court had scheduled another hearing for September 2016. Respondents' counsel asserted the German court might well make the dispositive rulings at the upcoming September hearing that they had anticipated would be made at the June hearing. In view of the potential for the September 2016 hearing in the German action to obviate the issues before this Court, the Court thought it prudent and non-prejudicial to Petitioner to await the outcome of that hearing before ruling on the instant motion.

On September 14, 2016, the parties reported on the September hearing in the German action. (ECF No. 31). The German court had not made dispositive rulings at the September hearing; instead, it scheduled an evidentiary hearing in that action for January 30, 2017. (*Id.*). Accordingly, in the Court's view, the instant motion is now ripe for decision.

## DISCUSSION

The instant motions require the Court to determine: (i) whether its Order granting discovery to petitioner pursuant to 28 U.S.C. § 1782 should be vacated and the subpoenas served pursuant to that Order quashed; or, alternatively, (ii) whether the Court should further stay a decision on this motion pending the outcome of legal proceedings before the German court. For the reasons set forth below, the Court finds that relief was properly granted to Petitioner under § 1782 and therefore denies the motion to vacate its Order and quash the subpoenas. The Court also finds that a further stay would not be an appropriate exercise of its discretion.

### I.    Motion to Vacate and Quash

#### A.    Legal Standards

Section 1782 provides, in relevant part, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782. Courts evaluate discovery requests under § 1782 "in light of the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097 (2d Cir. 1995) (internal quotation marks omitted).

Congress intended § 1782 to be interpreted liberally. As the Court of Appeals for the Third Circuit noted in *In Re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998), "[c]onsistent with the statute's modest prima facie elements and Congress's goal of providing equitable and efficacious discovery procedures, district courts should treat relevant discovery materials sought pursuant to § 1782 as

4

discoverable unless the party opposing the application can demonstrate facts sufficient to justify the denial of the application." Thus, the burden is on Respondents to demonstrate that the Court's granting of relief under the statute in the February 17, 2016 Order was improper. *See also In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011) ("The party opposing discovery [under section 1782(a)] has the burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting the denial of a particular application." (internal quotation marks omitted) (alterations in original)); *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 138 (3d Cir. 1985) ("As long as the discovered information is intended for use in a foreign proceeding which comports with notions of due process, the requirements of 28 U.S.C. § 1782 have been met and an appropriate order should issue.").

In deciding this motion, the Court must first consider in light of Respondents' arguments whether the statutory requirements of § 1782 were met by Petitioner in obtaining the February 17, 2016 Order that Respondents move to vacate. *In re O'Keeffe*, 646 F. App'x 263, 265 (3d Cir. 2016). To obtain relief, Petitioner was required to show that (1) the person from whom discovery is sought resides or is found within the district of the district court to which the application is made, (2) the discovery is "for use in proceedings before a foreign tribunal," and (3) the application is made by an "interested party." *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 91 (3d Cir. 2010); *see also Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (listing same factors).

If the Court reaffirms that Petitioner met the statutory factors, it further must consider whether it exercised its discretion appropriately in granting Petitioner's § 1782 application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The Court's discretion "is not boundless, but must be exercised" in light of the statute's twin aims. *Mees*, 793 F.3d at 297-98.

5

The Supreme Court of the United States identified four discretionary factors in *Intel* that a district court should consider in ruling on a request for discovery under § 1782:

> (1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; [and] (4) whether the subpoena contains unduly intrusive or burdensome requests.

*In re O'Keeffe*, 646 F. App'x at 266 (citing *Intel*, 545 U.S. at 264-65).

### B.    Analysis of Statutory Factors

There is little dispute that Petitioner's application satisfies the three statutory requirements of § 1782. Indeed, Respondents do not dispute that the first and third factors are satisfied. As to the first factor, Respondents acknowledge that they are located in the District of New Jersey. (*See generally* Mem. of Law, ECF No. 9-1). With respect to the third factor, Petitioner Sauren, as the plaintiff in the German action, is indisputably an "interested party." *See Kulzer*, 390 F. App'x at 91 ("An interested person includes a party to the foreign litigation, whether directly or indirectly.").

Respondents argue, however, that the second factor is not satisfied because the requested discovery is not "for use" in the German proceeding. They contend that Sauren has in two respects acted inconsistently with any conclusion that the discovery is "for use" in that action: First, Respondents note that Sauren did not inform the German court of its § 1782 application. Second, Respondents report that Sauren's counsel in the German action represented to the German court prior to the June 2016 hearing that the matter there was "'*entscheidungsreif*,' or ripe for determination without the need for any further evidence." (ECF No. 9-1 at 1, 3-6). Respondents

6

posit that Sauren's conduct demonstrates that the discovery sought here cannot truly be "for use" in the German action.

Federal courts interpret the "for use" phrase liberally, to include "any materials that can be made use of in the foreign proceeding to increase [the applicant's] chances of success." *Mees*, 793 F.3d at 299. The Supreme Court of the United States has instructed that a district court should not consider the discoverability or admissibility of the information in the foreign forum in making its determination. *See Intel*, 542 U.S. at 260 ("Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there."); *Brandi-Dohrn v. IKB Deutche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) ("[A] district court should not consider the discoverability of the evidence in the foreign proceeding . . . [or] the admissibility of evidence in the foreign proceeding in ruling on a section 1782 application." (emphasis omitted)).

Here, Petitioner provided a sworn statement that the discovery sought by the subpoenas is to aid it in prosecuting its claims in the German action. (ECF No. 1-2, ¶ 14). This is sufficient, given that there is no contrary information on which the Court could conclude otherwise. *See In re Application of Imanagement Servs. Ltd.*, Civ. A. No. 05-2311 (JAG), 2006 WL 547949, at *3 (D.N.J. Mar. 3, 2006) (concluding that, in evaluating this requirement, "it is sufficient that the applicant intend to offer the evidence to a foreign court").

Even assuming *arguendo* that Sauren deliberately failed to advise the German court that it was seeking evidence from Respondents in aid of that proceeding, and even assuming that it advised the German court that the dispositive issues were ripe for resolution without further proofs

7

being introduced (which Sauren argues is not a proper interpretation of the term *"entscheidungsreif"* when considered in context (ECF No. 15 at 12-13)), such conduct would not *per se* be inconsistent with Sauren's assertion that the discovery sought here is "for use" in the German proceeding.  For the Court to so conclude would require it to determine that Sauren's actions before the German court preclude it under German law and procedure from utilizing in the foreign proceeding any evidence it obtains through the discovery sought here.  But Respondents proffer no basis for reaching such a conclusion, and the Court in any event cannot speculate as to whether German law would preclude Sauren from relying in that court upon whatever discovery it obtains through the § 1782 application. *See Mees*, 793 F.3d at 298-99 (warning against court's "speculative forays" into foreign legal territories in its discussion of "for use" requirement); *Euromepa*, 51 F.3d at 1099 (concluding that district courts should not "try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law").

Moreover, while Sauren may have represented to the German court before the June 2016 hearing that the court had all the evidence needed to make rulings at that point, that does not compel a conclusion that the discovery sought is not "for use" in that action. "'[F]or use in a proceeding' indicates something that will be employed with some advantage or serve some use in the proceeding—not necessarily something without which the applicant could not prevail." *Mees*, 793 F.3d at 298; *see also In re Application of Imanagement Servs. Ltd.*, 2006 WL 547949 at *2 (rejecting argument that "for use" requirement was not satisfied because Russian court reportedly had ruled that requested discovery could not be used in the Russian action where court found evidence that party offered in support was "ambiguous" and "d[id] not persuade that [the]

8

requested discovery could never be used in the Russian Action"). As the German litigation is ongoing, with an evidentiary hearing scheduled for January 30, 2017 (ECF No. 31), and as Petitioner has certified that the discovery sought here is in aid of the German action, the Court finds that the statutory "for use" factor is established. *Cf. Comision Ejecutiva Hidroelectrica del Rio Lempa v. Nejapa Power Co. LLC*, 341 F. App'x 821, 827-28 (3d Cir. 2009) (holding discovery sought under § 1782 was moot where underlying arbitration hearing and taking of evidence had concluded). Therefore, all three statutory factors are satisfied and the Court next turns to the discretionary considerations.

### C. Analysis of Discretionary Factors

The Court further finds that all four discretionary *Intel* factors weigh in favor of Petitioner's § 1782 application. Even Respondents appear to concede that two of the four factors are met, as they address only the first and fourth factors in their motion. The Court nevertheless examines each factor in turn.

#### 1. Whether The Evidence Is Within The Foreign Tribunal's Jurisdictional Reach

As to the first factor of whether the evidence sought by Petitioner's application is "within reach" of the German court, Respondents argue that this factor weighs against Petitioner because all of the requested information "concerns" and is "accessible" by Pramerica Germany, a party in the German action that is clearly within the German court's jurisdictional reach. (ECF No. 9-1 at 7; ECF No. 9-3 ¶ 4). The Court disagrees.

As an initial matter, *Intel* suggests that Respondents' argument is misplaced because the appropriate inquiry on this factor is not whether *the information* could somehow be discovered from a party to the German action, but rather whether *the entity from which the discovery is sought*

9

is within the German court's reach. *See Intel*, 542 U.S. at 264. Here, Respondents are not parties to the German action, and as such they implicitly concede that they are not within the German court's reach. *See id.* ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid.").

Even assuming that the focus of the "within reach" factor is properly on the information sought by the petition, however, Respondents have not persuaded the Court that Petitioner seeks discovery that is within reach of the German court. While the subpoenas served on Respondents do seek information relating to Petitioner's investment in the fund managed by Pramerica Germany (*see* ECF No. 16-1), Respondents stop far short of representing that the information is within the possession, custody or control of Pramerica Germany. *Cf. In re Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006) (ruling that § 1782 relief was not available because all of the documents responsive to petitioner's subpoenas were encompassed in its request to the foreign tribunal and the evidence was clearly available to the foreign tribunal). They assert that "the information sought in the Subpoenas concerns Pramerica Germany and is *accessible* by Pramerica Germany," (ECF No. 9-3 at 2) (emphasis added), and further that "at least *some* of the information sought by Sauren *might* have been ordered" by the German court. (ECF No. 9-1 at 7). These vague and ambiguous assertions, made by parties in a position to know what information may be obtained from their German affiliate, fail to establish that the information sought by Petitioner is "within reach" of the German court through Pramerica Germany.

Moreover, even if Respondents had made such a showing, they do not dispute that discovery in Germany is quite limited, which further suggests that the information requested here

is not within the German court's reach. (*See* ECF No. 16 ¶ 26 (asserting that "German law requires Sauren to specify each individual document that it seeks in a way that enables a party to identify the individual document without further effort, e.g., by providing the title, content, and date of the document," information Petitioner does not have, and "German law does not provide for the taking of depositions"). *See also Kulzer*, 390 F. App'x at 92 (concluding first *Intel* factor was satisfied where opposing party "ha[d] not effectively disputed" that "German civil procedure does not offer a mechanism for general pretrial discovery comparable to that obtainable in the United States," finding that the German court had "no jurisdiction over a non-party," and noting that the German court had postponed a hearing to allow the petitioner to pursue discovery in the United States).

In view of the foregoing, the Court is not convinced that the information sought by the petition is "within reach" of the German court. Therefore, this factor favors Petitioner.

### 2.  Factor Relating To The Foreign Tribunal

Respondents present no argument in their motion that the second *Intel* factor weighs in their favor. It does not.

The second factor concerns "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *In re O'Keeffe*, 646 F. App'x at 266. As to this determination, "the party moving to quash must present authoritative proof that the foreign court would reject the evidence obtained with the aid of Section 1782." *Id.* Here, Respondents have presented no authority to indicate that the German court would reject the evidence sought here. *See Euromepa S.A.*, 51 F.3d at 1100 (explaining that "authoritative proof" includes "a forum country's judicial, executive or legislative declarations that specifically address the use of evidence

11

gathered under foreign procedures" (internal quotation marks omitted)). Consequently, the Court finds that this factor weighs in favor of Petitioner.

### 3. Whether Petitioner Is Attempting to Circumvent Foreign Proof Gathering Restrictions

Respondents do not argue that this factor weighs in their favor, as there is no evidence that Petitioner is attempting to circumvent German discovery procedure. Although German pretrial discovery rules are more restrictive than those of this Court, § 1782 does not require Petitioner to seek discovery in Germany as a prerequisite to seeking relief from a federal district court. *See In re O'Keeffe*, 646 F. App'x at 268 ("Requiring district courts to consider whether the relief could have been achieved through a letter rogatory would not be in line with the statutory text clearly providing that, as an alternate to a letter rogatory, 'any interested person' could apply for such relief from a district court."); *In re Bayer AG*, 146 F.3d at 195-96 (rejecting argument that application should be denied where applicant could have requested the information in the foreign court first, noting that there is no such "quasi-exhaustion requirement" (internal quotation marks omitted)). Therefore, the Court finds this factor favors Petitioner.

### 4. Whether The Subpoena Is Unduly Intrusive Or Burdensome

Finally, the Court cannot conclude that the discovery sought by the subpoenas necessarily will be unduly burdensome and intrusive. Respondents base this argument largely on the results of broad keyword searches of electronically stored information. (ECF No. 9-4 ¶ 5). Respondent's keyword searches, which in some cases were based on entity names without any limiting terms, were broader than strictly required by the subpoenas and certainly broader than the scope of discovery the Court would be inclined to order. Notably, the searches were conducted before the

parties engaged meaningfully in the "meet and confer" required by the Court's February 17, 2016 Order.

Since the filing of the instant motion, Respondents have attempted to further narrow the initial search results, which they now assert will require them to review "more than 118,000 unique emails and attachments." (ECF No. 20, at 5-6). Petitioner and Respondents, by further meeting and conferring as ordered by the Court, should be able to narrow the scope of the discovery sought and employ search terms designed to better target relevant information. This should alleviate concerns about overbreadth or undue expense. The Court will retain jurisdiction to resolve any disputes between the parties as to the appropriate scope of discovery under the Federal Rules of Civil Procedure in the event they are unable in good faith to resolve their differences informally. Accordingly, the Court finds that Respondents' arguments regarding undue burden and expense are better addressed in this fashion than by vacating its Order granting the § 1782 petition. *Cf. In re Ex Parte Global Energy Horizons Corp.*, 647 F. App'x 83, 86-87 (3d Cir. 2016) (finding discovery too intrusive and burdensome because it would have "significant 'collateral effect'" on opposing party's operations in that it would disrupt the work of every company employee and cost opposing party hundreds of thousands of dollars and substantial time).[2]

---

[2]    To the extent that Respondents further argue that the requested discovery is intrusive because it would require disclosures regarding commercially sensitive information to a purported key competitor, Respondents' concerns can be addressed through an appropriate confidentiality order.   The Court further notes in this regard that Petitioner has already offered "to stipulate . . . to use the discovery solely for purposes of the German Action." (ECF No. 15 at 9). Even assuming that Petitioner is a competitor (which Petitioner disputes), that would be insufficient to show that the requested discovery is not for use in a foreign proceeding. *Intel* itself, for example, involved two industry competitors who were litigating a foreign antitrust action. *See Intel*, 542 U.S. at 246, 250 (noting that Advanced Micro Devices, Inc. (the party seeking discovery in that action) and "Intel are 'worldwide competitors in the microprocessor industry'").

The Court therefore finds that four discretionary factors weigh in favor of granting § 1782 aid. Accordingly, Respondents' motion to vacate and quash is denied.

## II. Stay Motion

Respondent seeks, in the alternative, a stay of discovery pending the German court's ruling on its statute of limitations defense. It argued in its motion papers, which were filed prior to the June 2016 hearing in the German action, that the German court might issue a case-dispositive ruling at the June 2016 hearing. Since then, the June and September 2016 hearings have concluded without a ruling from the German court on the limitations issue. Nor does it seem likely that the German court will rule on the defense at the January 30, 2017 hearing, which is described by the German court as a hearing at which it will hear evidence from five witnesses. (ECF No. 31-1 at 2-3).

Although the Court *de facto* stayed its ruling on this motion between the July 14, 2016 telephone conference with counsel and the September 2016 hearing in the German action because the German court's ruling on a potentially dispositive issue reportedly was imminent, it declines to stay further Petitioner's right to take discovery from Respondents under § 1782. Such a stay would not in the Court's view be equitable or consistent with the goals of § 1782, given that Sauren may seek to utilize the discovery sought here at the upcoming evidentiary hearing in Germany. A further stay is not warranted.

14

## CONCLUSION

For the foregoing reasons, Respondents' motion is **DENIED**. ECF No. 9 is accordingly

terminated.

Dated:  October 26, 2016

Leda Dunn Wettre<br>
United States Magistrate Judge

Original:        Clerk of the Court
    cc:        Hon. Susan D. Wigenton, U.S.D.J.
          All Parties